UNITED STATES of America, Plaintiff—Appellee,

v.

**Jay E. ROGERS, aka Jay Edward Rogers, Jr., Defendant—Appellant.**

**No. 06–50383.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed Aug. 6, 2007.

Becky S. Walker, Esq., Jennifer Corbett, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Donald B. Marks, Esq., Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Jay Rogers (Rogers) challenges the district court's denial of his motion to suppress incriminating statements and evidence allegedly obtained in violation of the Fourth and Fifth Amendments. Rogers also challenges his 70–month sentence for possession of child pornography.

The district court did not err in denying Rogers' motion to suppress. First, Rogers was not in custody and thus not entitled to *Miranda* warnings.[1] *See United States v.*

---

ed by 9th Cir. R. 36–3.

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*Crawford,* 372 F.3d 1048, 1059 (9th Cir. 2004) (en banc). Second, because Rogers was not subjected to custodial interrogation, the right to counsel, articulated in *Miranda,* does not apply. *See United States v. Washington,* 462 F.3d 1124, 1133 (9th Cir.2006). Finally, Rogers' consent to search his computer and his apartment was voluntary. *See United States v. Crapser,* 472 F.3d 1141, 1149 (9th Cir.2007).

With respect to Rogers' sentence, the district court explicitly considered the 18 U.S.C. § 3553(a) factors. *See United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006) (stating that "the record on appeal [must] demonstrate[ ] explicit or implicit consideration of the sentencing factors set forth in § 3553(a)") (citations omitted). Considering the circumstances of the present offense, the district court's sentence was "sufficient, but not greater than necessary" to comport with the goals of sentencing. § 3553(a); *see also United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 769 (9th Cir.2006).[2]

**AFFIRMED.**

---

2. We need not defer our decision pending resolution of *Rita v. United States,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), because this case does not involve the issue of whether a sentence within the Guidelines should be presumed reasonable.

